IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KENNETH WALKER,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. MJM-22-1814 |
| **SCOTT ROWE, et al.,** | * | |
| **Defendants.** | * | |

\*\*\*

## MEMORANDUM

Self-represented plaintiff Kenneth Walker initiated this civil rights action by filing a Complaint pursuant to 42 U.S.C. § 1983 against defendants Scott Rowe and Paul Owen ("Defendants") regarding a disciplinary hearing that occurred when he was housed at Jessup Correctional Institution ("JCI"), a Maryland correctional facility.[1] ECF No. 1.

In response, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 12) supported by a Memorandum (ECF No. 12-2) (collectively, the "Motion"). Defendants argue that Walker failed to state a claim, failed to exhaust his administrative remedies, and that they are entitled to qualified immunity. ECF No. 12-2. In support of their Motion, Defendants submit several exhibits, including the Declaration of defendant Paul Owens, ECF No. 12-3; a copy of an Intelligence and Investigative Division ("IID") report, ECF No. 12-4; the Declaration of defendant Scott Rowe, ECF No. 12-5; copies of Walker's Requests for Administrative Remedy ("ARP"), ECF No. 12-7; the Declaration of

---

[1] Walker was confined at North Branch Correctional Institution ("NBCI") at the time he filed this action.

Robin Woolford, Deputy Director of the Inmate Grievance Office ("IGO"), ECF 12-8; and a video exhibit, ECF 12-6.[2]

Walker was notified of his right to respond to the Motion.  ECF No. 14.  He moved for, and was twice granted, extensions of time to file his response; however, he has not filed anything further.  ECF Nos. 15, 16, 17, 19.

The Motion is ripe for disposition, and no hearing is necessary.  *See* Local Rule 105.6. (D. Md. 2023).  For reasons that follow, Defendants' Motion, construed as one for summary judgment, shall be granted.

## I. BACKGROUND

### A. Walker's Complaint

The Complaint alleges violations of Walker's Fourteenth Amendment due process rights. ECF No. 1 at 4.  Specifically, Walker alleges that in February 2020, he received an infraction for an alleged assault on JCI staff.  *Id*.  At a hearing for the infraction, Walker and defendant Scott Rowe, the hearing officer, had an argument regarding Walker's questioning of another officer.  *Id*. Walker alleges that Rowe "told [him] to shut up" and that "he liked [his] cocky attitude, but he was going to show [him] w[h]ere [his] cocky attitude is going to get [him]."  *Id*.  Walker alleges that Rowe found him guilty "out of spite," even after reviewing a video that Walker claims shows he was not guilty of the infraction.  *Id*.  Walker next alleges that defendant Paul Owens "press[ed]

---

[2] Defendants filed the video together with a Motion to Seal.  ECF No. 13.  Defendants state in the sealing motion that the surveillance video should remain sealed "[d]ue to security concerns."  *Id.*  The Court may seal records upon the movant's showing that the right to protect the sealed material from public view outweighs the public's right to access the courts and court proceedings.  *See Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978).  The movant bears the burden of demonstrating that nothing short of sealing would adequately protect a litigant's interests.  *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014). *See also* Local Rule 105.11 (D. Md. 2023).  Because Defendants have not provided a sufficient basis for sealing the exhibit, the Motion to Seal shall be denied.  However, as the Court need not consider this evidence in order to resolve the dispositive motion, Defendants may withdraw the exhibit.  The exhibit shall remain sealed until they do so.

charges" on him "for the same alleged issue." *Id*. Walker states that he has been "subjected to all types of cruel and unusual punishment since this issue came about such as being thrown in disciplinary segregation for something I never did and having my security level raised to maximum." *Id*. Walker states that he did not file a grievance because "we are not allowed as inmates to file grievances pertaining to hearings and/or hearing officers decision." *Id.* at 3.

### B. Defendants' Response

In their Motion, Defendants argue, in part, that the Complaint must be dismissed because Walker failed to exhaust his administrative remedies.[3] ECF No. 12-2 at 11. With their Motion, Defendants submit copies of two Requests for Administrative Remedy ("ARP") filed by Walker. ECF No. 12-7. The first ARP, assigned number JCI0287-20, complains about defendant Rowe's actions in his capacity as hearing officer at Walker's February 27, 2020, institutional infraction hearing. *Id*. at 1-2. The second ARP, assigned number JCI0288-20, addresses issues that occurred in an infraction hearing on March 2, 2020, in front of a different hearing officer. *Id*. at 3-4. Both ARPs were stamped: "Dismissed for procedural reasons . . . . Inmates may not seek relief through the Administrative Remedy Procedure regarding Disciplinary hearing procedures and decisions." *Id*. at 1 and 3.

Defendants also submit the Declaration of Robin Woolford, Deputy Director of the IGO. ECF No. 12-8. Woolford declares a search of IGO records reflected that Walker filed two ARPs regarding an assault by staff on February 17, 2020. *Id.* Both of those cases were closed because Walker failed to respond to requests for documentation. *Id*. Additionally, Woolford declares

---

[3] Defendants also argue that the Complaint fails to state a claim and that they are entitled to qualified immunity. ECF No. 12. However, because the Complaint shall be dismissed without prejudice for failure to exhaust administrative remedies, the Court need not address these arguments.

3

that the IGO has no record that Walker appealed Rowe's decision following the February 27, 2020, hearing. *Id*.

## II. STANDARD OF REVIEW

Defendants argue in their Motion that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, that summary judgment should be granted pursuant to Fed. R. Civ. P. 56. ECF No. 12.

A motion to dismiss styled in the alternative as a motion for summary judgment implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where the plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When a movant expressly captions its motion to dismiss "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). Accordingly, "the mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255) (second alteration in original). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

Defendants attach exhibits that show Walker's use of the grievance procedures and failure to exhaust those administrative remedies. ECF Nos. 12-7, 12-8. Because the Court considers these documents relating to Defendants' exhaustion defense, the Motion will be construed as one for summary judgment.

### III. DISCUSSION

Defendants argue that the Complaint should be dismissed because Walker failed to exhaust the grievance process as to the claims asserted in the Complaint. If Walker's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The PLRA provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,

violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id*. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendants. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). The Court may dismiss a claim on this ground only if "the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense" or in "the rare, exceptional instance where administrative exhaustion"—or lack thereof—is "apparent on the complaint's face." *Custis*, 851 F.3d at 362 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

Ordinarily, an inmate must follow the procedural steps prescribed by law in order to exhaust his administrative remedies. *Moore*, 517 F. 3d at 729; *see also Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 91 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024

6

(7th Cir. 2002)) (emphasis in original).  Although the PLRA requires the prisoner to exhaust available remedies, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725.

The Maryland Department of Public Safety and Correctional Services ("DPSCS") has an established "administrative remedy procedure" ("ARP") for use by Maryland state prisoners for "inmate complaint resolution."  *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.07.01B(1) (defining ARP).  This procedure applies to the submission of "grievance[s] against . . . official[s] or employee[s] of the Division of Correction."  C.S. § 10-206(a).

Relevant here, however, the ARP process does not apply to complaints relating to prisoner disciplinary procedures and decisions.  COMAR 12.02.28.04(B)(3).  Instead, if a prisoner is found guilty of a rule violation, the prisoner is entitled to appeal the hearing officer's guilty decision or sanction to the warden of the facility where he or she is incarcerated.  COMAR 12.03.01.30(A)(1),(2).  If the prisoner does not file a written appeal with the warden within fifteen days of receipt of the hearing officer's decision, he is considered to have waived the right to appeal. COMAR 12.03.01.30(A)(3).  If the warden affirms the hearing officer's guilty finding or sanction, the prisoner may then appeal to the IGO.  COMAR 12.03.01.30(C); *see also* COMAR 12.07.01.05, .08.  When filing this appeal with the IGO, the prisoner is required to include a copy of the initial notice of inmate rule violation, the hearing record, the appeal to the warden, and the warden's response to the appeal.  COMAR 12.07.01.04(B)(9)(b).

Defendants argue that Walker failed to exhaust available administrative remedies.  ECF No. 12-1 at 11.  In support, Defendants submit two ARPs Walker filed, the first of which addresses

the disciplinary hearing at issue in the Complaint, as well as the Declaration of Robin Woolford, Deputy Director of the IGO. ECF Nos. 12-7 and 12-8. The ARPs were dismissed for procedural reasons, stating that "[i]nmates may not seek relief through the Administrative Remedy Procedure regarding Disciplinary hearing procedures and decisions." ECF No. 12-7 at 2 and 4. Woolford declares that the IGO did not receive any grievances or appeals regarding the February 27, 2020, hearing or Owens's decision. ECF No. 12-8.

Walker states in his Complaint that he did not file a grievance because "we are not allowed as inmates to file grievances pertaining to hearings and/or hearing officer's decision." ECF No. 1 at 3. However, the evidence shows that Walker did file an ARP regarding the disputed hearing, and that he did not appeal the dismissal of that ARP. ECF Nos. 12-7, 12-8. More importantly, however, there is no evidence in the record to demonstrate that Walker appealed the decision of hearing officer Owens following the hearing. *See* ECF No. 12-8 (Deputy Director Woolford declaring that the IGO has no record of an appeal of the decision of the hearing officer after Walker's February 27, 2020, disciplinary hearing).

Because Walker failed to exhaust his administrative remedies, Defendants' alternative motion for summary judgment shall be granted. The Complaint shall be dismissed without prejudice to avoid foreclosing suit in the future should exhaustion be completed. *See Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (affirming district court order granting motion for summary judgment on issue of exhaustion of administrative remedies but dismissing plaintiff's unexhausted claim without prejudice) (citing cases).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a motion for summary judgment, shall be granted. The Complaint shall be dismissed without prejudice for Walker's failure to exhaust administrative remedies.

A separate Order follows.

Date:   9/23/24                                         /S/
                                                        Matthew M. Maddox
                                                        United States District Judge